Fremont-Smith, J.
After hearing, based on all the credible evidence, this Court finds that on June 28, 1997, Officer Begard and Sergeant McGashing of the Maynard police responded to a call from James Kelly of 81 Nason Street in Maynard. Kelly stated to the police that his neighbor, the defendant, had pointed a gun out of a window at Kelly and his girlfriend and had said, “do you love the bitch.” The officers went to the defendant’s home and asked him to come outside. The defendant complied. Defendant appeared to be very much under the influence of alcohol. Once outside, defendant was hand cuffed with his hands behind his back. The officers then asked defendant for permission to enter his home and the defendant acquiesced. In defendant’s room, the officers saw a rifle which the defendant was licensed to possess, but also saw a sawed-off shotgun for which defendant had no permit. Defendant was charged with illegal possession of the shotgun. At the time the police entered defendant’s home, the scene was secure and there was no apparent crime being committed; nor did there any longer appear to be imminent danger to the police or others.
DISCUSSION
This Court finds that, based on the above facts, the Maynard police, while they were justified in arresting and searching the defendant’s person, were not justified in entering the dwelling without a warrant and seizing the contraband. Where the Commonwealth is relying on consent as the basis for a warrantless search, it must be able to demonstrate that the defendant gave his consent voluntarily and not as a result of being coerced, which has been defined to include mere acquiescence to a claim of lawful authority. Commonwealth v. Voisine, 414 Mass. 772, 783 (1993); Commonwealth v. Sanna, 424 Mass. 92, 97 (1997); Commonwealth v. Berry, 420 Mass. 95, 104 (1995) (government has the burden of proving voluntariness of consent). Whether consent has been given voluntarily is a question of fact to be determined by the circumstances of each case. Commonwealth v. Krisco Corp., 421 Mass. 37, 46 (1995); Commonwealth v. Sanna, supra at 97. The fact that a defendant was under arrest at the time he gave consent may suggest that the consent was involuntary, although, this fact alone is not decisive. Commonwealth v. Aguiar, 370 Mass. 490, 497 (1976). Intoxication is also a factor for the Court to consider in determining whether the consent was voluntary. Commonwealth v. Harmond, 376 Mass. 557, 561 (1978); Commonwealth v. Angivoni, 383 Mass. 30, 34 (1981) (failure to inform defendant of his right to refuse consent, presence of a uniformed officer, possibility that defendant’s ability to reason was impaired by alcohol and physical or emotional trauma were all factors for the court to consider in determining voluntariness).
It is the finding of this Court that the Commonwealth has failed to demonstrate that the defendant voluntarily gave his consent for the police to search his apartment. At the time defendant’s consent was requested, defendant was in custody, with his hands cuffed behind his back, was in the presence of at least two uniformed officers and was veiy much under the influence of alcohol. Any consent given by the defendant was, in these circumstances, mere acquiescence to a show of authority, and not voluntary. See Commonwealth v. Krisco Corp., supra at 47. Accordingly, as the police were not lawfully present in defendant’s residence, the seizure of defendant’s sawed-off shotgun was not justified by the plain view doctrine. Commonwealth v. Santana, 420 Mass. 205, 211 (1995).
Nor were there any exigent circumstances to justify a warrantless search, as it was conceded at the hearing that defendant’s house had been secured before it was entered and searched. See Commonwealth v. Forde, 367 Mass. 798, 807 (1975).
ORDER
Accordingly, for all the reasons stated above, the defendant’s motion to suppress is ALLOWED, and it is hereby ORDERED that the shotgun and rifle, seized from the apartment of Charles W. Schnair on or about June 28, 1997, and any statements or other evidence obtained as a result of that illegal search and seizure, be suppressed.